THIS is an application to the Court, on two distinct subjects : First, To raise pecuniary legacies bequeath-ed *>y the late Othniel Beale to his grand-daughters Ca-Beale and Mary Hannah Beale, the only child- ■ * of his son John Beale, whom, with others long since dead, lie nominates his executors, and to whom and his daughter Mrs. Bull he devised and bequeathed his estate. It appears that the excutor John Beale, who qualified on the will and took possession of the estates of the testator, did not place out the legacies to interest, as directed by his father’s will, but hath died without paying one shilling thereof. There can therefore be no difficulty in decreeing that these legacies be raised. Let it therefore be referred to the master to state the amount of said legacies, calculated according to the directions in the will.
*23 The second object of the present bill is to obtain a sale of the real and personal estates whereof the late John Beale was seized and possessed, and which he devised and bequeathed as follows : <f I will that the whole of my estate real and personal (except the following legacies) be disposed of in the manner following, to wit: to Joseph Manigault, F. C. Mey and BenjaminLangstaff, their heirs, executors, administrators and assigns, and the survivor or survivors of them, in trust, nevertheless to receive the rents and profits of said estate, to and for the sole use and benefit of my two daughters Catherine Stapleton and Mary Hannah Yanderhorst, and their children respectively, to be equally divided between the said Catherine and Mary Hannah $ and with this further trust, that in case the said Mary Hannah Yanderhorst should die, leaving no issue living at the time of her death, then the whole of said rents and profits, to go and enure to the sole use and behoof of the said Catherine Stapleton, her heirs and assigns forever.5’
It is alleged that the bulk of the estate left by the said John Beale is real estate, consisting of a wharf and house in the city and uncultivated lands in the country, all of which are very unproductive ; and the wharf and houses are in a ruinous state, and require very considerable repairs and improvements to make them productive; which from the trifling amount of the personal estate, and from the peculiar arrangements of his will, cannot easily be accomplished, if at all. And the trustee in his answer admits the truth of these allegations, and all parties interested and competent to judge concur in desiring a sale of the estate. Upon a reference to the master, he has reported that the allegations are cori’ect and that the interests of all concerned would be greatly promoted by a sale of the estates and by investing the proceeds, as the money may be paid in, in other more productive property.
The Court therefore can have no doubt as to the facts. The only difficulty is that the children of Mrs. Catharine Stapleton are said to have certain rights in the property, of which the Court will be tender. I am *24 not however sure that under the words of the will, the children have any estate, independent of the mother’s rights. The will devises the estate in trust for the two daughters of the testator, and their children, to be equally divided between the said two daughters Catharine an(] ]yjary Hannah; and in case of the death of Mary Hannah without issue, then in trust for Catharine and her heirs and assigns for ever. These words might be construed to be words of limitation and not of purchase, and then the estates vest in the mothers. But as this question has hot been made, and as in fact it is a doubtful construction, I will not decide wholly on that ground. The objection usually made to the Court ordering such sales is that it changes the property from real estate, which is solid and more durable, to personal, which is more fleeting and subject to more casualties. This objection is certainly entitled to great weight and will influence the court to forbear the exercise of its authority, (which it seems by a search for precedents has been exercised in a multitude of cases of this sort) unless it be made manifest that the real estate is very unproductive and that there are no means of improving it; and that the sale of it would be greatly beneficial; and that the parties interested, who are of sufficient age to form a judgment, all desire the sale. All these circumstances concur in this case, and therefore I will not refuse to sanction the application ■, more especially as the great objection which exists in England against the change of property from real to personal, or vice versa, does not apply here; for there the court is reluctant to make the change, because, as these two species of property go in very different channels, the rights of parties may be very materially affected by the change, whereas real and personal estates go, by our laws, in the same channels. Let the master’s report therefore be confirmed. And it is hereby ordered and decreed, that the master do sell at public auction, on the 22d January next, or the first convenient day thereafter, the Wharf called Beale’s Wharf, together with all the stores thereon, after dividing the *25 wharf into convenient lots, on the following terms : 5 per cent cash on the purchase money, and the remainder on a credit of 1, 2, 3, 4, 5, 6, and 7 years, with a mortgage of the property, and personal security, if the latter he required by the executor and trustee. The tenements on the bay, and the remainder of the real estate of John and Oth. Beale to be sold on the same day by the master on the following terms, viz. 10 percent, cash, and the remainder on a credit of 1, 2 and 3 years, with mortgage and personal security. The bonds in all the above cases, to state in the body thereof, that the same are payable to the executor and trustee for the use and benefit of Catharine, Stapleton and Mary H. Yanderhorst. And it is further ordered that the master do report at the next court on said sales. And that after satisfying the debts and legacies, the said master shall also report on the same, and state the balance of bonds and monies in the hands of the said executor and trustee, and ask the direction of the court as to the investment thereof, to be held to the same uses, and for the benefit of the persons to whom the same were directed by the will of J. Beale.